**AFFIRM; and Opinion Filed August 20, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00132-CV**

**CHAPMAN CUSTOM HOMES CUSTOM HOMES, INC. AND MICHAEL B. DUNCAN, trustee of the M.B. DUNCAN SEPARATE PROPERTY TRUST, Appellants**

**V.**

**DALLAS PLUMBING COMPANY, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-00442-2009**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Appellants Chapman Custom Homes, Inc. and Michael B. Duncan, trustee of the M.B. Duncan Separate Property Trust, appeal a summary judgment granted in favor of appellee Dallas Plumbing Company. In eight issues, appellants generally contend the trial court erred in granting the summary judgment. For the following reasons, we affirm the trial court's judgment.

Chapman Custom Homes is a general contractor and home builder. Chapman Custom Homes entered into a contract with Duncan Plumbing to install the plumbing in a home it was constructing in Frisco, Texas. About a year-and-a-half after the house was completed, a leak was discovered that caused property damage to the house. Chapman Custom Homes and Michael B. Duncan, as trustee of the M.B. Duncan Trust (the trustee), sued Dallas Plumbing Company for damages caused by the leak. In their petition, appellants contended Chapman

Custom Homes entered into the contract with Dallas Plumbing "on its behalf and on behalf of Duncan," trustee of the trust that owned the house. Appellants alleged claims for breach of contract, breach of express warranty, and negligence.

Dallas Plumbing filed a traditional and no-evidence motion for summary judgment. In its traditional motion, Dallas Plumbing asserted that Chapman Custom Homes could not prevail on its claims for breach of contract or breach of express warranty because the claims involved damages to real property only and Chapman Custom Homes was the general contractor that was building the house, not the owner of the house, and therefore did not suffer recoverable damages. It also alleged the Duncan trustee could not recover for breach of contract because it had not entered into a contract with the Duncan trustee. Dallas Plumbing also moved for summary judgment on appellants' claim for negligence asserting the claim was barred under the economic loss rule. The trial court granted Dallas Plumbing's motion for summary judgment.

In their first issue, appellants contend summary judgment was improper because they controverted Dallas Plumbing's "characterization" of the relationship between Chapman Custom Homes and the trustee. In their response to Dallas Plumbing's motion for summary judgment, appellants claimed for the first time they had formed a "joint venture" to acquire lots, construct homes on the lots, and sell the homes for a profit to be divided equally between them. They maintained the house at issue was one such endeavor of the joint venture. They maintained the house was held in the name of the trustee for and on behalf of the joint venture. They further alleged Chapman Custom Homes contracted with Dallas Plumbing, not on its own behalf, but on behalf of the joint venture. Therefore, appellants alleged the legal right that was violated belonged to the joint venture, and that as joint venture partners, they have standing to sue to enforce the rights of the joint venture.

–2–

Standing is a necessary component of subject matter jurisdiction, which is essential to the authority of a court to decide a case. *Brunson v. Woolsey*, 63 S.W.3d 583, 587 (Tex. App.—Fort Worth 2001, no pet.). Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate. *Id.* A cause of action for injury to real property is a personal right that belongs solely to the owner of the property at the time the alleged injuries occurred. *Senn v. Texaco, Inc.*, 55 S.W.3d 222, 225 (Tex. App.—Eastland 2001, pet. denied); *Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.).

Appellants' complaint on appeal is premised on their contention that a joint venture existed. To show a joint venture existed, appellants rely on an agreement between them as evidenced by the provisions of a "Construction Contract for Speculative Single Family Residence." The stated parties to the agreement are Chapman Custom Homes as "Contractor" and "MB Duncan, Inc." Although MB Duncan, Inc. is not a party to this suit, appellants claim MB Duncan, Inc. was acting merely as a nominee or agent for the trustee, and was the name the trustee used to do business for the trust. Pursuant to the Construction Contract, Chapman Custom Homes was to construct the house, was to determine how and when the work was to be performed, and was solely permitted to have contact with potential homebuyers or subcontractors. Chapman Custom Homes was to receive a contractor's fee of ten percent of the cost of the project. MB Duncan, Inc., on the other hand, agreed to establish a line of credit from which Chapman Custom Homes could make draws to finance the construction, and to pay taxes and other expenses associated with maintenance of the property. Upon sale, "Duncan Limited Partners" was to recover interest related to the line of credit in the amount of ten percent accrued annually. Any remaining profits were to be distributed 50/50 between Chapman Custom Homes and "Duncan Limited Partnership." There is nothing in the record to explain the identity of the "Duncan Limited Partnership" or its relationship to either the Duncan Trust or MB Duncan, Inc.

The agreement described the profit distribution to Chapman Custom Homes as part of its contractor's fee. Any loss from a sale was the responsibility of "MB Duncan, Inc."

At common-law, a joint venture had four necessary elements: (1) a community of interest in the venture, (2) an agreement to share profits, (3) an agreement to share losses, and (4) a mutual right of control or management of the enterprise. *Smith v. Deneve,* 285 S.W.3d 904, 913 (Tex. App.—Dallas 2009, no pet.); *see also Dev. Corp. v. G.E.T. Serv. Co.*, 616 S.W.2d 184, 186 (Tex. 1981). The Business Organization Code takes a less formalistic approach in determining whether a joint venture partnership has been created. It considers the above four factors as well as expressions of intent to become partners, agreements to share liability of claims by third parties, and agreements to contribute money or property to the business. TEX. BUS. & COM. CODE ANN. § 152.052(a) (West 2012); *See also Ingram v. Deere*, 288 S.W.3d 886, 895 (Tex. 2009).

Considering these factors, the terms of the "Construction Contract" tend to negate the existence of a partnership. Specifically, the contract created an affirmative obligation for Chapman Custom Homes to construct the house, gave Chapman Custom Homes full control over construction, and paid Chapman Custom Homes a contractor's fee for doing so. *See,* TEX. BUS. ORGS. CODE ANN. § 152.203(a) (West 2012) (each partner has equal rights in management and conduct of the business); TEX. BUS. & COM. CODE ANN. § 152.203(b) (West 2012) (partner is not entitled to compensation for services performed for a partnership other than for services rendered in winding up). Further, all losses were to be born by MB Duncan, Inc.

The Construction Contract did, however, provide that after Chapman Custom Homes received its contractor's fee and "Duncan Limited Partnership" was paid for the line of credit, any remaining profit would be divided 50/50 between "Duncan Limited Partnership" and Contractor. The agreement provided that Chapman Custom Homes' distribution of such profits

–4–

was part of its "Contractor's fee." The Code provides that an independent contractor's right to receive a share of profits as compensation does not by itself indicate a person is a partner in a business. TEX. BUS. ORGS. CODE ANN. § 152.052(b)(1) (B) (West 2012).

But even assuming a joint venture existed, we cannot agree appellants have shown summary judgment was improper. The basis for Dallas Plumbing's motion for summary judgment was that the claim for damages to real property belonged to the owner of the property. They presented summary judgment evidence of the contract for sale of the house, the title company's purchaser's statement, and records from the appraisal district to show the Duncan Trust was the owner of the house. Further, appellants' own petition alleged the Duncan Trust was the owner of the property. None of this evidence or appellants' petition makes any reference to the existence of a joint venture. We conclude Dallas Plumbing presented sufficient evidence to conclusively establish that the Duncan trust was the owner of the house. Consequently, the burden shifted to appellants to raise a fact issue to show the alleged joint venture owned the house at the time it was damaged.

To raise a fact issue, appellants rely on the affidavits of the Duncan trustee and Sammy Chapman, president and owner of Chapman Custom Homes. In his affidavit, Michael Duncan stated that he and Chapman agreed the lots for the joint venture would be "held" in the name of the trustee for purposes of development. He stated he "viewed" the lots as property of the joint venture. In his affidavit, Chapman stated he agreed the lots should be placed in the name of the Trust because the Trust had provided the funds to purchase the property and to help establish trust between Chapman and Duncan. The parties agreed the trust would hold the properties in its own name for an on behalf of the joint venture. Appellants have however directed this Court to no legal argument or authority to show these statements between joint venture partners constitute

–5–

any evidence that the joint venture was the actual owner of the lots.[1] Failure to cite applicable authority waives an issue for appeal. TEX. R. APP. P. 38.1(i).

Section 152.012(a) of the Business Organizations Code provides that property is partnership property if acquired in the name of: (1) the partnership; or (2) one or more partners, regardless of whether the name of the partnership is indicated, if the instrument transferring title to the property indicates (A) the person's capacity as a partner, or (B) the existence of a partnership. TEX. BUS. ORGS. CODE ANN. § 152.102(a) (West 2012). Property is also presumed to be partnership property if acquired with partnership property. TEX. BUS. ORGS. CODE ANN. § 152.102(b) (West 2012). However, if property is acquired in the name of one or more partners and is not acquired with partnership property, the property is presumed to be the property of the partner, even if the property is used for partnership purposes, if the instrument transferring title to the property does not indicate the person's capacity as a partner or the existence of a partnership. TEX. BUS. ORGS. CODE ANN. § 152.102(c) (West 2012).

Here, it is undisputed that the property was acquired with funds owned by the Duncan Trust, was acquired in the name of the Duncan trust, and is shown in appraisal records as property of the Duncan trust. Appellants' summary judgment evidence on the other hand showed the property was being used for partnership purposes and to benefit the alleged joint venture. Chapman explained the trustee held the property in its name because the trustee had provided the purchase funds and to establish trust between himself and the trustee. Although we must review the summary judgment evidence in light most favorable to the nonmovant, we must also put evidence in its proper context. *See City of Keller v. Wilson*, 168 S.W.3d 802, 811-12 (Tex. 2005). Appellants' summary judgment evidence, viewed in the context of the agreement

---

[1] Whether property is owned by an individual partner or a partnership has ramifications beyond the individual partners and can also affect creditors' rights.

between the parties, reflects an intent that the trustee would retain ownership of the property even though the parties agreed to share profits from the sale of the property once it was sold. The mere fact property is used for partnership purposes is not evidence it is partnership property. *See id.* To the contrary, such property is presumed to be the property of the partner that purchased the property with its own funds. We conclude appellants have failed to raise a fact issue controverting Dallas Plumbing's evidence that the Trust owned the property. Because the evidence showed the property was owned by the Trust, and appellants do not dispute the Trust had no privity or contractual relationship with Dallas Plumbing, appellants have not shown the trial court erred in granting summary judgment on this basis.[2]

In reaching this conclusion, we reject appellants' contention that Dallas Plumbing waived its "privity related points" by failing to file a verified pleading pursuant to Texas Rule of Appellate Procedure 93(2). Rule 93(2) does not require a party to allege in a verified pleading that it is not a party to the contract sued upon. *Basic Capital Mgt. v. Dynex Commercial, Inc.*, 254 S.W.3d 508, 514-15 (Tex. App.—Dallas 2008), *rev'd in part on other grounds*, 348 S.W.3d 894 (Tex. 2011). We conclude appellants have failed to show the trial court erred in granting summary judgment on their claims for breach of contract and breach of express warranty.

The trial court also granted summary judgment in favor of Dallas Plumbing on appellants' claim for negligence. Appellants' negligence claim was based on their contention that Dallas Plumbing negligently performed its contractual obligations. Dallas Plumbing moved for summary judgment on this negligence claim asserting it was barred by the economic loss rule. Parties may be barred from recovering in negligence for purely economic losses that result from defective products or "misperformance" of obligations arising only under contract. *See Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011). According to

---

[2] Appellant's have not alleged Chapman Custom Homes was the agent for the trustee.

appellants, summary judgment was improper on this ground because the economic loss rule only bars recovery for damages to the "plumbing system itself," and its damages were based on injuries to the entire home. It relies on products liability cases to support this assertion. The question here is applicability of the rule with respect to cases involving the negligent performance of duties arising under a contract, not a defective product. In such cases, the issue is whether the economic loss was only "to the subject matter of the contract itself." *See Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex. 1986). Where the only duty between parties arises from the contract, a breach of this duty will ordinarily sound only in contract, not in tort. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.1991). To assert a negligence claim, there must be a violation of a duty imposed by law independent of the contract. *DeLanney,* 809 S.W.2d at 494; *Carson Energy, Inc. v. Riverway, Bank,* 100 S.W.3d 591, 601 (Tex. App.—Texarkana 2003, pet. denied).

We have carefully reviewed appellants' petition. The only duty they alleged Dallas Plumbing breached was its contractual duty. Specifically, appellants alleged Dallas Plumbing owed appellants "a duty to perform [] the contract with care, skill, reasonable expedience and faithfulness." Even giving the petition the most liberal construction, it is clear appellants did not allege violation of any duties imposed by law that were independent of the contract. *See, e.g., Dellaney,* 809 S.W.2d at 494 (a plaintiff may have a tort claim if breach of a contract gives rise to liability independent of the contract); *City of Alton v. Sharyland Water Supply Corp*, ___ S.W.3d ___, 2013 WL 2353798, *9 (Tex. App.—Corpus Christi 2011, rule 53.7(f) motion granted) (notwithstanding economic loss rule, a subcontractor may have independent duties to a property owner when performing a contract). Consequently, appellants have failed to show summary judgment on their negligence claim was improper.

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

120132F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHAPMAN CUSTOM HOMES, INC. AND
MICHAEL B. DUNCAN, trustee of the
M.B. DUNCAN SEPARATE PROPERTY
TRUST, Appellants

No. 05-12-00132-CV        V.

DALLAS PLUMBING COMPANY,
Appellee

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-00442-2009.
Opinion delivered by Justice O'Neill.
Justices Moseley and Lewis participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

       It is **ORDERED** that appellee DALLAS PLUMBING COMPANY recover its costs of this appeal from appellants CHAPMAN CUSTOM HOMES, INC. AND MICHAEL B. DUNCAN.

Judgment entered this 20th day of August, 2013.


/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE