# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20320

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2016

Lyle W. Cayce
Clerk

DERRICK PETROLEUM SERVICES,

>  Plaintiff - Appellee

v.

PLS, INCORPORATED,

>  Defendant - Appellant

Appeal from the United States District Court
for the Southern District Of Texas
USDC No. 4:14-CV-1520

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:*

After their business relationship deteriorated, Plaintiff–Appellee Derrick Petroleum Services and Defendant–Appellant PLS, Inc., disputed the nature of their relationship and which of them owned a jointly branded database of oil and gas transactions. After a four-day bench trial, the district court concluded that the parties did not form a partnership and that Derrick was the sole owner of the jointly branded database. We AFFIRM the judgment of the district court.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20320

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves a dispute between Plaintiff–Appellee Derrick Petroleum Services (Derrick) and Defendant–Appellant PLS, Inc. (PLS) over which party owns the jointly branded Derrick/PLS Oil & Gas Mergers & Acquisitions Database (Derrick/PLS Database). The Derrick/PLS Database—compiled from thousands of sources—contains data on over 16,000 past deals and over 3,000 current deals in the oil and gas industry. Prior to the formation of the relationship at issue here, Derrick had created a database (Derrick Database) that formed the basis of the jointly branded Derrick/PLS Database.

In a Memorandum of Understanding (MOU) dated October 3, 2009, Derrick and PLS agreed to work together in a joint venture to develop and market database products for North America. Derrick's primary role was developing and maintaining the Derrick/PLS Database, while PLS's primary role was marketing and selling subscriptions to the database. In the MOU, Derrick and PLS each agreed to provide certain resources toward the joint venture, but the MOU failed to expressly specify which party owned the jointly branded Derrick/PLS Database. The parties agreed that the MOU represented their intent to form a long-term relationship and to form a separate limited liability company once the revenues from the joint venture met a specific threshold. By 2013, however, the parties' business relationship had deteriorated substantially. They failed to negotiate successfully the formation of an LLC, and each party claimed that the other had breached the MOU, potentially triggering penalties that affected who owned the Derrick/PLS Database.

On June 2, 2014, Derrick sued PLS, seeking a declaratory judgment that it owned the jointly branded Derrick/PLS Database, that the parties had no further obligations under the MOU, and that it was entitled to sell the database in the North American market. PLS disagreed and asserted that the

parties had formed a partnership, that PLS had a 50% ownership interest in the Derrick/PLS Database, and that Derrick had exited the partnership prematurely, giving PLS certain unrestricted rights to the database. The parties agreed to bifurcate the litigation, with the first phase constituting a bench trial on two issues: (1) ownership of the Derrick/PLS Database and (2) whether the MOU was terminated when its initial term expired.[1] The district court conducted a four-day bench trial in which it heard testimony from several witnesses and considered numerous exhibits. After the trial, the district court concluded that, *inter alia*, Derrick and PLS did not form a partnership, that Derrick was the sole owner of the Derrick/PLS Database, and that the MOU ended when its initial term expired. *See generally Derrick Petroleum Servs. v. PLS, Inc.*, No. H-14-1520, 2014 WL 7447229 (S.D. Tex. Dec. 31, 2014).

Relevant to this appeal, the district court first concluded that the parties did not form a partnership under Texas law. Considering five factors indicating the existence of a partnership, the district court found limited support for only two of the factors: the expressions of intent to form a partnership and parties' contribution of property. However, because of "[t]he limited extent to which the two factors are present, and the absence of the other factors," the district court concluded that Derrick and PLS did not enter into a partnership. Furthermore, the court found that the MOU did not explicitly address ownership of the Derrick/PLS Database and that the MOU's language was consistent with credible witness testimony and other evidence indicating that Derrick did not intend to transfer any ownership interest in the database. The court therefore concluded "that Derrick retained exclusive

---

[1] The MOU contained an initial term of five years, but the parties disputed whether the provision regarding the formation of a separate LLC after surpassing a revenue threshold extended that term.

No. 15-20320

ownership of the Derrick Database, expanded and marketed as the jointly branded Derrick/PLS Database."

The district court entered a partial final judgment on May 12, 2015. PLS filed several motions challenging the district court's findings of fact and conclusions of law, and the district court denied those motions, essentially for the reasons presented in its opinion. *See generally Derrick Petroleum Servs. v. PLS, Inc.*, No. H-14-1520, 2015 WL 4715071 (S.D. Tex. Aug. 7, 2015). PLS timely appeals.

## II. STANDARD OF REVIEW

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed *de novo*." *Becker v. Tidewater, Inc.*, 586 F.3d 358, 365 (5th Cir. 2009) (quoting *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005)). "A finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or this court is convinced that the findings are against the preponderance of credible testimony." *Bd. of Trs. New Orleans Emp'rs Int'l Longshoremen's Ass'n v. Gabriel, Roeder, Smith & Co.*, 529 F.3d 506, 509 (5th Cir. 2008). Accordingly, a factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015). However, "[d]espite this court's typical deference to a district court's factual findings, 'a judgment based on a factual finding derived from an incorrect understanding of substantive law must be reversed.'" *Barto v. Shore Const., L.L.C.*, 801 F.3d 465, 471 (5th Cir. 2015) (quoting *Mobil Expl. & Producing U.S., Inc. v. Cajun Const. Servs., Inc.*, 45 F.3d 96, 99 (5th Cir. 1995)).

No. 15-20320

## III. EXISTENCE OF A PARTNERSHIP

PLS first argues that the district court erred in concluding that Derrick and PLS did not form a partnership.  Whether a partnership exists under Texas law is a question of fact. *Allison v. Campbell*, 298 S.W. 523, 525 (Tex. 1927); *accord* 57 Tex. Jur. 3d *Partnership* § 143 (2016).  Under Texas law, a court considers five factors to determine whether a partnership exists:

> (1) receipt or right to receive a share of profits of the business;
> (2) expression of an intent to be partners in the business;
> (3) participation or right to participate in control of the business;
> (4) agreement to share or sharing:
> > (A) losses of the business; or
> > (B) liability for claims by third parties against the business; and
> (5) agreement to contribute or contributing money or property to the business.

Tex. Bus. Org. Code Ann. § 152.052(a).  Proof of all factors is not required, but there must be sufficient evidence showing that, based on the totality of the circumstances, the factors indicate that a partnership was created. *See Ingram v. Deere*, 288 S.W.3d 886, 896–98 (Tex. 2009).  Reviewing the record on appeal and the relevant Texas caselaw, we find that the district court correctly applied Texas law and did not clearly err in making material fact findings when it concluded that only two of the five factors—expression of an intent to form a partnership and contribution of property—were present to only a limited extent. *See Guzman*, 808 F.3d at 1036 (stating that the factfinder's choice between two permissible views of the evidence cannot be clearly erroneous).  Because the district court found that only two of the five factors provided limited indications of a partnership, the district court did not clearly err in concluding that Derrick and PLS did not enter into a partnership. *See id.* at 898 ("Even conclusive evidence of only one factor normally will be insufficient to establish the existence of a partnership.").

No. 15-20320

## IV. OWNERSHIP OF THE DATABASE

PLS also argues that the district court erred in concluding that Derrick had exclusive ownership of the jointly branded Derrick/PLS Database. Because the district court found that Derrick possessed the Derrick Database prior to the joint venture, the jointly branded Derrick/PLS Database is presumed to be Derrick's property, "regardless of whether the property is used for partnership purposes." Tex. Bus. Org. Code Ann. § 152.102(c); *see also Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 446 S.W.3d 29, 34 (Tex. App.—Dallas 2013, pet. granted), *overruled on other grounds*, 445 S.W.3d 716 (Tex. 2014) ("[S]uch property is presumed to be the property of the partner that purchased the property with its own funds."). Moreover, only Derrick had ultimate control over the content of the Derrick/PLS Database. *See Rex-Tech Int'l, Inc., v. Rollings (In re Rollings)*, 451 F. App'x 340, 346 (5th Cir. 2011) (per curiam) (unpublished) ("Under Texas law, '[o]ne in possession (or control) of property is presumed to be the owner of it.'" (quoting *Smith v. Briggs*, 168 S.W.2d 528, 531 (Tex. App.—San Antonio 1943, writ ref'd w.o.m.))).

PLS contends that the MOU established that PLS had an ownership interest in the jointly branded Derrick/PLS Database and that the district court erred by considering parol evidence to determine the parties' intent. In construing a written agreement, a court must examine the entire agreement to "ascertain the true intentions of the parties as expressed in the instrument." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). "A[n agreement] is unambiguous if it can be given a definite or certain legal meaning." *Id.* "But if the agreement is susceptible to more than one reasonable interpretation, the agreement is ambiguous, creating a fact issue on the parties' intent." *Milner v. Milner*, 361 S.W.3d 615, 619 (Tex. 2012).

In the present matter, the MOU does not contain any provision expressly describing ownership of the jointly branded Derrick/PLS Database or expressly

6

stating that Derrick transferred ownership of the Derrick Database to the joint venture.  The MOU only states that Derrick would "provide" the Derrick Database to the joint venture.  *See Provide*, *American Heritage Dictionary* (4th ed. 2000) (defining "provide" as "to furnish; supply," but not as to transfer).  And the parties promised to "provide" other services in the MOU that are incompatible with a transfer of an ownership interest.  Moreover, while PLS contends that the MOU clearly articulates the parties' intent "to develop and market . . . database products," the MOU lacks any language clearly indicating the parties' intent to transfer the ownership of the database to the joint venture or PLS.  Thus, the district court did not err in considering other evidence showing that the parties did not intend to convey ownership of the database. *See Lenape Res. Corp. v. Tenn. Gas Pipeline Co.*, 925 S.W.2d 565, 574 (Tex. 1996) ("If the written instrument is ambiguous, the trier of fact may look to parol evidence to determine the parties' intent.").

Alternatively, PLS contends that numerous documents—including the MOU, subscription contracts approved by Derrick, and several emails— showed that Derrick transferred at least part ownership of the jointly branded Derrick/PLS Database to PLS.  However, the district court, in concluding that Derrick did not intend to convey all or part ownership of the database and that Derrick was the sole owner of the database, relied on its credibility determinations regarding the testimony of several witnesses.  *See Canal Barge Co., Inc. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) ("We cannot second guess the district court's decision to believe one witness' testimony over another's or to discount a witness' testimony.").  Furthermore, the district court relied on unrebutted expert witness testimony that explained that the jointly branded Derrick/PLS Database was only a continuation and expansion of the original Derrick Database and that Derrick had added content to the database based on suggestions from PLS and other companies.  PLS has, at most,

No. 15-20320

presented an alternative view of the evidence in the record and has failed to show any clear error by the district court. *See Guzman*, 808 F.3d at 1036. The district court therefore did not clearly err in concluding that Derrick never intended to transfer ownership of the database and that Derrick retained exclusive ownership of the jointly branded Derrick/PLS Database.[2]

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2] PLS's "joint work" claim similarly fails because of the district court's factual finding that Derrick did not intend to convey the database to the joint venture or PLS. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 222 n.7 (5th Cir. 1999) (noting that a "joint work" under 17 U.S.C. § 101 "requires that each author *intended the merger at the time* the author prepares his or her contribution" (emphasis added)); *Thomson v. Larson*, 147 F.3d 195, 199–200 (2d Cir. 1998) (stating that all alleged co-authors must fully intend to become co-authors when the joint work was prepared).