# IN THE SUPREME COURT OF TEXAS

═══════════
No. 13-0776
═══════════

CHAPMAN CUSTOM HOMES, INC., AND MICHAEL B. DUNCAN, TRUSTEE OF THE
M. B. DUNCAN SEPARATE PROPERTY TRUST, PETITIONERS,

v.

DALLAS PLUMBING COMPANY, RESPONDENT

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

**PER CURIAM**

In this summary-judgment case, we consider whether a homeowner has stated a cognizable negligence claim for water damage to new construction allegedly caused by a plumber's negligent performance under its subcontract with the homeowner's general contractor. The court of appeals affirmed the plumber's summary judgment, concluding that the homeowner did not have a negligence claim. ___ S.W.3d ___ (Tex. App.—Dallas 2013) (mem. op.). The court reasoned that the homeowner did not have a negligence claim because it "did not allege violation of any [tort duty] independent of the contract" and further did not have a contract claim because it was not a party to the plumbing subcontract. *Id.* at ___ (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). Because the negligent performance of a contract that proximately injures a non-

contracting party's property or person states a negligence claim, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

Chapman Custom Homes, Inc. contracted with Michael B. Duncan, trustee of the M.B. Duncan Trust, to build a home on property owned by the trust. The builder, in turn, contracted with Dallas Plumbing Company to put in the plumbing at the new house. After the home's completion, plumbing leaks allegedly caused extensive damage to the structure. The builder and trust sued the plumber for the damage, alleging breach of contract, breach of express warranty, and negligence. The plumber denied liability and moved for summary judgment, which the trial court granted and the court of appeals affirmed. ___S.W.3d ___.

The court of appeals reasoned that the trust could not recover contract damages, even though it owned the damaged property, because it was not a party to the plumbing subcontract. *Id*. at ___. The court further reasoned that summary judgment was also proper as to the builder's contract claim because the builder, although a party to the plumbing contract, did not own the property and therefore had not suffered any compensable damage. *Id*. Finally, the court concluded that the pleadings asserted only the breach of contractual duties, and thus the trial court had not erred in granting summary judgment as to plaintiffs' negligence claims. *Id*.

The Plaintiffs' Amended Petition alleged that the builder, on its behalf and that of the trust, contracted with Dallas Plumbing to furnish all necessary plumbing labor and materials for the new house. The pleadings further asserted that Dallas Plumbing failed to install the hot water heating system properly, resulting in water flooding the house and damaging the structure. Among other allegations, the pleadings claimed that Dallas Plumbing's negligent failure to properly join the water

system to the hot water heaters was a proximate and foreseeable cause of the water damage to the new house. We disagree with the court of appeals that these allegations assert only the breach of Dallas Plumbing's contractual duty. *See id*. at ___.

In *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508, 510 (Tex. 1947), we observed that a common law duty to perform with care and skill accompanies every contract and that the failure to meet this implied standard might provide a basis for recovery in tort, contract, or both under appropriate circumstances. *See also Coulson v. Lake L.B.J. Mun. Util. Dist.*, 734 S.W.2d 649, 651 (Tex. 1987) (reaffirming this observation). The underlying contract in *Scharrenbeck* was for the repair of a heater in the plaintiff's home. 204 S.W.2d at 509. The defendant performed his work so poorly that the house burned down. *Id*. And, a jury found that the plaintiff's loss was proximately caused by the defendant's negligence. *Id*. at 511. On appeal, the defendant argued that it had not breached any duty to the plaintiff, but this Court disagreed, holding that a "duty arose by implication" and that "[h]aving undertaken as an expert and for a consideration to repair and adjust the heater, [the repairman] owed [the homeowners] the duty, as a matter of course, not negligently to burn their house in the undertaking." *Id*. at 510-11; *cf. LAN/STV v. Martin K. Eby Constr. Co.*, ___ S.W.3d ___, ___ n.35 (stating that *Scharrenbeck*, which involved a suit by a contracting party, has been limited by subsequent cases).

The circumstances here are very similar. Having undertaken to install a plumbing system in the house, the plumber assumed an implied duty not to flood or otherwise damage the trust's house while performing its contract with the builder. Although the court of appeals views this property damage as a mere economic loss arising from "'the subject [matter] of the contract itself,'" ___

3

S.W.3d at ___ (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986), and purports to apply the economic loss rule as a bar to any tort claim, the rule does not apply here.

The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy. *LAN/STV*, ___ S.W.3d at ___; *Jim Walter Homes*, 711 S.W.2d at 618. But it does not bar all tort claims arising out of a contractual setting. As we have said, "a party [cannot] avoid tort liability to the world simply by entering into a contract with one party [otherwise the] economic loss rule [would] swallow all claims between contractual and commercial strangers." *Sharyland Water Supply Corp. v. City of Alton,* 354 S.W.3d 407, 419 (Tex. 2011). Thus, a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit. *See LAN/STV*, ___ S.W.3d at ___ (discussing the limitations on recovery of purely economic damages by contractual strangers); *DeLanney*, 809 S.W.2d at 494-95 (suggesting that the source of the duty and the nature of the wrong should be examined to determine whether the underlying claim is in tort or contract). Such was the case in *Scharrenbeck*, and such is also the case here. The plumber's duty not to flood or otherwise damage the house is independent of any obligation undertaken in its plumbing subcontract with the builder, and the damages allegedly caused by the breach of that duty extend beyond the economic loss of any anticipated benefit under the plumbing contract.

Because the court of appeals erroneously concludes that the pleadings and summary judgment evidence negate the existence of a negligence claim, we grant the petition for review and, without

4

hearing oral argument, reverse the court of appeals' judgment and remand the case to trial court.

TEX. R. APP. P. 59.1.

Opinion Delivered: August 22, 2014