# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10615

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2015

Lyle W. Cayce
Clerk

In the Matter of:  BERT A. WHEELER,

> Debtor

------------------------------

PAL-CON, LIMITED; VALLEY FORGE INSURANCE COMPANY,

> Appellees

v.

BERT A. WHEELER, doing business as Anne's Pilot Car Service,

> Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-1007

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff Pal-Con, Limited ("Pal-Con")[1] specializes in the manufacture, repair, and service of large regenerators for gas turbine engines, and has no direct competitors for its regenerator products. Pal-Con contracted with Spectra Energy ("Spectra") to manufacture, deliver, and install a regenerator. Pal-Con manufactured the regenerator in two halves, the left-side and the right-side modules. Pal-Con contracted with Friend's Express L.L.C. ("Friend's") to ship the regenerator to Spectra. The right-side module was to be shipped on one truck and the left-side module on another. Friend's subcontracted with Brantley Transportation ("Brantley") to transport the two regenerator modules by truck. Ohio law required that Brantley obtain a permit and a pilot car escort to transport the oversized load through the state. Brantley contracted with Defendant Bert A. Wheeler ("Wheeler") to pilot the left-side module shipment through Ohio, and to ensure, given the height of the module, that the shipment did not strike a highway overpass.

While Wheeler was leading Brantley's employee Jacob Maples ("Maples") through Ohio, Maples missed the correct exit and began travelling north on a highway on which he should have been traveling south. Maples radioed to Wheeler who then met Maples on the north highway on the side of the road. Instead of exiting the north highway immediately, scouting for a new route, or consulting with the permit office or state police on a route, Wheeler continued with Maples on the north highway for twenty miles. At some point, Wheeler's height-pole struck an overpass. At that point, Wheeler radioed to Maples who was about a half-mile behind him to stop. Maples said that he could not stop in time due to heavy traffic and the weight of the load. Maples

---

[1] In this opinion, we collectively refer to Plaintiffs Pal-Con and Valley Forge Insurance Company as "Pal-Con". Plaintiff Valley Forge Insurance Company is Pal-Con's subrogated insurer.

was afraid that if he completely locked the brakes under those circumstances he would cause an accident.  Therefore, Maples, instead, struck the overpass and irreparably damaged the left-side regenerator module.

As a consequence of this accident, Pal-Con was forced to build and install a temporary and then a permanent replacement module for Spectra.  Pal-Con was later able to sell the temporary replacement module to another client thereby recouping all the costs associated with the building of the temporary replacement unit.  Pal-Con filed suit against Wheeler, among others, for negligence under Texas state law.  The action was removed to federal court and proceeded to trial.  A jury found that Wheeler was 35 percent responsible for Pal-Con's damages, resulting in a judgment against Wheeler.

Wheeler now appeals this judgment and raises six issues[2] that we have condensed into three main issues.  The first issue is whether the negligence suit against Wheeler is legally and factually supported under these circumstances, and in particular, whether the economic loss doctrine bars a suit in tort.  The second issue is whether there is sufficient evidence to support the damages award.  And the final issue is whether the district court erred in its jury instructions and its overall management of the trial.

**I.**

At the close of the trial, Wheeler timely-filed a preserved motion for judgment as a matter of law and, in the alternative, a motion for a new trial.  The district court denied Wheeler's motions.  Wheeler now challenges the district court's denial.

---

[2] The six issues raised by Wheeler are as follows:  (1) Pal-Con's claims against Wheeler are barred by the economic loss doctrine; (2) Wheeler owed no negligence duty to Pal-Con; (3) Wheeler did not breach any duty owed to Pal-Con; (4) there is insufficient evidence of Pal-Con's claimed damages and the district court's damage award; (5) the district court erred in not submitting to the jury a proportionate responsibility question; (6) the cumulative error of the district court resulted in an improper verdict.

No. 14-10615

We review the denial of a motion for judgment as a matter of law de novo. *Heck v. Triche*, 775 F.3d 265, 272 (5th Cir. 2014). Where, as here, a case has been tried by a jury, we determine whether there is legally sufficient evidence to support the jury's verdict. *Id.* "Although our review is de novo, we recognize that our standard of review with respect to a jury verdict is especially deferential." *Id.* at 273 (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001). "[W]e draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party, and will reverse the denial of a motion or renewed motion for judgment as a matter of law only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable jury could return a contrary verdict." *Id.* (quoting *Foradori v. Harris*, 523 F.3d 477, 485 & n.8 (5th Cir. 2008)) (internal quotation marks omitted).

We will reverse the denial of a motion for a new trial only where a district court has clearly abused its discretion. *Henry v. CorpCar Servs. Houston, Ltd.*, No. 13-20744, 2015 WL 327650, at *4 (5th Cir. 2015). "Because our review of the district court's denial of a motion for a new trial is more deferential than our review of a motion for judgment as a matter of law, any such challenge is subsumed in our analysis of the denial of a motion for judgment as a matter of law." *Id.* (quoting *Wackman v. Rubsamen*, 602 F.3d 391, 399 (5th Cir. 2010)) (internal quotation marks omitted).

**The Economic Loss Doctrine**

Wheeler contends that he is entitled to judgment as a matter of law because the economic loss doctrine bars recovery in tort under the facts of this case. Specifically, Wheeler argues that the only economic damages suffered by Pal-Con resulted from harm to the subject matter of a contract (the regenerator), precluding a remedy in tort. "The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure

4

to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (per curiam). "Thus, a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *McCaig v. Wells Fargo Bank (Texas), N.A.*, No. 14-40114, 2015 WL 3621863, at *4 (5th Cir. June 10, 2015) (quoting *Chapman*, 445 S.W.3d at 718) (internal quotation marks omitted). The economic loss doctrine does not shield the recovery of tort damages resulting from physical injury to property in which a non-contracting plaintiff has a proprietary interest. *See LAN/STV v. Martin K. Eby Constr. Co.*, 435 S.W.3d 234, 235, 238 (Tex. 2014); *Chapman*, 445 S.W.3d at 717.

Given that Wheeler's subcontract with Brantley only obligated him to reasonably pilot the shipment, we hold that Wheeler owed Pal-Con a duty independent of his subcontract with Brantley to protect the regenerator module from physical damage. Our conclusion is inescapable in light of the Texas Supreme Court's precedent in *Chapman.* In *Chapman,* a landowner contracted with a builder who subcontracted with a negligent plumber. *Id.* at 717–18. The plumber negligently failed to join the water system to the hot water heaters which caused water damage to the new house. *Id.* at 718. The court found that the landowner was allowed to sue the negligent plumber in tort because "[h]aving undertaken to install a plumbing system in the house, the plumber assumed an implied duty not to flood or otherwise damage the . . . house while performing its contract with the builder." *Id.* at 718. Moreover, the court explicitly rejected the notion that the property damage was "a mere economic loss arising from the subject matter of the contract itself." *Id.* (internal quotation marks and citation omitted).

No. 14-10615

The facts of the instant action are not unlike those in *Chapman*. Here, a manufacturer contracted with a shipper, who subcontracted with a trucking company, who subcontracted with a negligent pilot car service provider for the safe delivery of the regenerator module. Because the harm suffered by Pal-Con extended beyond the mere economic loss of a contractual benefit from Wheeler's individual contract with Brantley, the economic loss doctrine is not a bar to Pal-Con's negligence action against Wheeler. *See id.*

**Sufficiency of Evidence in Support of Negligence Verdict**

Wheeler further contends that he is entitled to judgment as a matter of law because Pal-Con has not proven that Wheeler owed a duty to Pal-Con or that any such duty was breached. However, under these facts, we predict that Texas law[3] would recognize a common law duty on the part of Wheeler to pilot Pal-Con's shipment with reasonable care. Texas's test for identifying a common-law duty is well established. "[T]he court will consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. Of all these factors, foreseeability of the risk is the foremost and dominant consideration." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). In addition to this test, Texas courts also consider "(1) whether one party has superior knowledge of the risk; (2) whether one party had a right to control the actor who caused the harm; (3) whether societal changes require recognition of new duties; (4) whether the creation of a new duty would be in conflict with existing statutory law; and (5) whether there are countervailing concerns that would support or hinder the

---

[3] A negligence duty can be assumed by contract or imposed by law. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 223 (Tex. 2002).

recognition of a new duty." *J.P. Morgan Chase Bank, N.A. v. Texas Contract Carpet, Inc.*, 302 S.W.3d 515, 533 (Tex. 2009).

Applying these factors, we conclude that if a pilot car driver acts negligently, the risk of damage to the shipment is highly foreseeable. Foreseeability is particularly clear when, as in this case, state law requires the shipment to remain on a preapproved route and to be led by a pilot car with a height sensing device, for the sole purpose of avoiding collisions with overhead obstructions. The extent of the risk is large because if a shipment that is traveling on a moving vehicle, at highway speeds, collides with an overpass, considerable damage is likely. The burden of guarding against the risk is small—staying on the permitted route, or taking reasonable steps to return to a permitted route. As between a manufacturer and a pilot car driver, the latter has superior knowledge about avoiding the risks of transporting an oversized shipment. Because the foreseeability of the risk is high, the burden of guarding against the risk is small, and the remaining factors weigh in favor of finding a duty, Texas courts would likely find that a pilot car driver owes a common law duty to the owner of the shipment.[4]

Moreover, the evidence supporting the jury's finding that Wheeler breached his duty to Pal-Con is substantial. Industry experts testified about

---

[4] Wheeler contends that the recognition of a common law duty would create an end-run around the Carmack Amendment. "The Carmack Amendment provides a general rule that *motor carriers* transporting property are liable to shippers 'for the actual loss or injury to the property,' but allows an exception under which . . . the liability of the carrier for such property is limited to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable . . . ." *Tran Enters., LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1010–11 (5th Cir. 2010) (quoting 49 U.S.C. § 14706(a)(1) and § 14706(c)(1)(A)) (emphasis added) (internal quotation marks omitted). If Wheeler is a carrier, the Carmack Amendment would preempt Pal-Con's state negligence claim. However, because a pilot car does not directly handle the shipment or exercise significant control over the shipment, we conclude that a pilot car does not constitute a carrier under the Carmack Amendment. For that reason, Wheeler's argument fails.

the pilot car industry standard of care. These experts averred that when a shipment deviates from an authorized route, the pilot car driver—working in tandem with the shipment driver—should take reasonable steps to return to the route by either contacting the permit office, consulting with the state police, or scouting for a clear route back. Wheeler even admitted that it is never safe to proceed off the permitted route. While Wheeler contends that he could not have prevented Maples from proceeding on the unpermitted route, a rational jury could have rejected this argument. There is undisputed evidence that once Maples missed the correct exit, he pulled over to the side of the road and waited for Wheeler to return. The jury was permitted to infer that Maples would have followed Wheeler's lead.

Thus, the jury's finding of negligence is legally and factually supported, and Wheeler is not entitled to judgment as a matter of law.

## II.

Wheeler argues that there was insufficient evidence to support the jury's finding of lost profits and the jury award pertaining to the permanent replacement module. Additionally, Wheeler contends that Pal-Con was not entitled to recover damages for the temporary replacement module altogether because that unit was later sold for an overall profit. Wheeler did not raise any of these challenges in his motion for judgment as a matter of law. Accordingly, this issue is subject to a plain error analysis. Under plain error review of a jury verdict, "the question for this court is not whether there was substantial evidence to support the jury verdict, but whether there was any evidence to support the jury verdict." *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) (internal quotation marks and citation omitted).

Given that Pal-Con never demonstrated that it lost a sale and due to the fact that Pal-Con has no direct competitors, the evidence of lost profits is thin.

No. 14-10615

However, under our lenient standard of review, we cannot conclude that there was no evidence to support the jury's lost profits award. Pal-Con's president testified that during the time Pal-Con was building the temporary and permanent replacement modules, he was unable to solicit business because the factory was operating at full capacity. This evidence was sufficient under plain error review to support the jury's award.

Similarly, on plain error review, there was sufficient evidence to support the jury's damages for Pal-Con's permanent replacement module. Although Pal-Con claimed more costs in constructing the permanent replacement module than in building the original, Pal-Con was required to manufacture the replacement within half the time it took to build the original. Pal-Con provided detailed evidence to the jury about the material, labor, equipment, and additional costs related to the construction of the permanent replacement. Therefore, sufficient evidence supported this jury finding.

Lastly, Wheeler urges that Pal-Con should not have recovered for the cost of building the temporary replacement unit because Pal-Con later sold it for a profit. Although this challenge is subject to plain error review, we agree with Wheeler that no evidence supports the jury verdict in this regard. The evidence demonstrated that Pal-Con recouped all of the costs of manufacturing the temporary unit by reselling it to another customer. Therefore, Wheeler is entitled to judgment as a matter of law on the damages award for the temporary replacement module.

**III.**

Wheeler asserts that the district court erred by refusing to admit evidence of Pal-Con and Friend's negligence and by not instructing the jury to apportion their liability. Wheeler also contends that the district court cumulatively erred by requiring each party to file a list of facts intended to be proven at trial and limiting the proof of evidence to those facts, prohibiting the

9

parties from offering evidence on stipulated facts, requiring deposition summaries rather than deposition testimony, and limiting live witness testimony.  We reject each of these arguments in turn.

"The trial court's evidentiary rulings are reviewed for abuse of discretion. Even if we find an abuse of discretion, the exclusion of evidence is subject to harmless error analysis." *United States v. Miller*, 588 F.3d 897, 903 (5th Cir. 2009) (citations omitted).  This court will affirm "[u]nless the exclusion of evidence affects a substantial right of the defendant[.]"  *Id.* at 903–04.  "[T]he district court has broad discretion in formulating the jury charge, and therefore, [this court] reviews those instructions with great deference."  *Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 506 (5th Cir. 2002) (per curiam).

Wheeler claims that there was evidence of Pal-Con and Friend's negligence because Pal-Con did not properly insure its shipment, Pal-Con failed to consider the qualifications of the motor carrier it chose, and the Pal-Con employee in charge of shipping the regenerator lacked training and sufficient qualifications to make shipping decisions.  Taking this as true, these facts do not establish that Pal-Con and Friend's negligently contributed to the accident.  Wheeler fails to show that Pal-Con had a duty to insure the regenerator or that Pal-Con should have known that Friend's was a risky shipper.  For these reasons, the district court did not abuse its discretion in refusing to instruct the jury on contributory negligence.

Furthermore, "[c]umulative error justifies reversal only when errors so fatally infect the trial that they violated the trial's fundamental fairness." *United States v. Delgado*, 672 F.3d 320, 344 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted).  Wheeler has not shown that any of the errors he alleges are actual errors, and he certainly has not met the high threshold for a finding of cumulative error.

No. 14-10615

## IV.

For the foregoing reasons, we **REVERSE** the jury award for the costs of manufacturing the temporary replacement module.  We therefore **VACATE** the judgment and **REMAND** for correction consistent with our direction.  In all other respects, we **AFFIRM**.