**AFFIRM; and Opinion Filed November 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14–01276-CV

**GOODMAN FACTORS, Appellant**
**V.**
**TORRES FINAL CLEAN, INC. AND FONDA M. WILCOX, Appellees**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-03811**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown and Schenck
Opinion by Justice Schenck

Appellant Goodman Factors ("Goodman"), plaintiff below, appeals from a no-answer default judgment awarding it breach-of-contract damages against defendant Torres Final Clean, Inc. ("Torres"), but denying its request for compensatory tort and punitive damages against Torres and defendant Fonda M. Wilcox ("Wilcox"). On appeal, Goodman challenges the definiteness of the trial court's judgment, and claims the trial court erred in failing to award Goodman the greatest recovery possible, and in failing to file findings of fact and conclusions of law. After Goodman filed its brief in this case, this Court ordered the trial court to make findings of fact and conclusions of law as to Goodman's tort claims. After the trial court did so, Goodman filed a supplemental brief, by which it challenges three of trial court's findings. For the following reasons, we affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

On May 1, 2008, Goodman entered into a factoring agreement with Torres. Pursuant to the agreement, Torres sold and assigned various accounts to appellant for which Goodman paid Torres. Keith Reid and Juanita Torres signed the agreement on behalf of Goodman and Torres, respectively. After Goodman and Torres entered into the agreement, most of Goodman's dealings with Torres were through Torres' employee Wilcox, who, at some undisclosed time, assumed the position of president of the company. Goodman claims that after it purchased the accounts, it discovered that some of them were invalid. In addition, Goodman claims Torres collected and exercised control over some of the accounts it sold to Goodman.

Goodman sued Torres for breach of contract, fraud, and conversion. Goodman sued Wilcox, individually, for conspiracy and conversion. Torres and Wilcox did not answer and Goodman moved for default judgment. In a no-answer default judgment, the failure to file an answer operates as an admission of the material facts alleged in the petition, except as to unliquidated damages. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992). Recognizing it had to prove damages, Goodman submitted affidavits signed by Keith Reid ("Reid") and Goodman's attorney. As to breach-of-contract damages, Reid stated Goodman paid $127,356.27 for invoices that were not valid.[1] As to conversion damages, Reid stated Wilcox attempted to pick up a check in the amount of $20,817.00 from account debtor Pogue Construction. Regarding Goodman's fraud claim, Goodman did not attempt to establish it suffered any damages due to fraud separate and apart from its breach-of-contract damages.

In considering Goodman's request for default judgment, the trial court found:

- Torres failed to comply with the contract;

---

[1] To clarify any confusion in this opinion about the minor discrepancies in the references to Goodman's damages, we note that while Goodman alleged breach-of-contract damages of $127,376.27, the evidence it offered showed damages of $127,356.27, the judgment awarded Goodman $127,346.37 in damages, and the trial court's findings of fact and conclusions of law reference damages of $127,376.27. Goodman does not raise these de minimis discrepancies as an issue on appeal. Therefore, we do not address them.

- The damages for breach of contract were $127,376.27;

- Torres made a false, material promise to Goodman on which it relied to its detriment;

- The damages for fraud were the same as for breach of contract;

- The request for punitive damages was not supported by clear and convincing evidence;

- The amount of the check or checks Goodman claims were converted was included in the damages found for breach of contract and fraud; and

- There was insufficient evidence that Wilcox was acting in her individual capacity in connection with any conversion.

The trial court rendered judgment against Torres awarding Goodman $127,346.37 for breach-of-contract damages, and attorney's fees of $8,000 below, with additional amounts as conditional appellate fees, against both Torres and Wilcox. The trial court did not award Goodman any damages on Goodman's fraud and conversion theories, and did not enter judgment against Wilcox, individually. This appeal followed. Torres and Wilcox have not responded.

In its initial brief, Goodman challenges the definiteness of the trial court's judgment, and claims the trial court erred in not awarding Goodman the greatest recovery possible, and in failing to file findings of fact and conclusions of law. After the trial court made findings of fact and conclusions of law, Goodman filed a supplemental brief challenging three of trial court's findings of fact; namely that (1) there was insufficient evidence that Wilcox was acting in her individual capacity in connection with any conversion, (2) the amount of the check or checks converted was included in the damages found for breach of contract, and (3) the request for punitive damages was not supported by clear and convincing evidence. For the following reasons, we resolve Goodman's issues against it.

DISCUSSION

In its first issue, Goodman claims the judgment entered in this case is not definite and certain because it states the court found that "Torres Final Clean, Inc. and Fonda M. Wilcox did knowingly and intentionally commit fraud, conspiracy to commit fraud and conversion," granted default judgment in its entirety against Torres and Wilcox, and then struck out all awards of damages for fraud, conspiracy to commit fraud, and conversion.

We note that although the judgment contained recitations related to Goodman's tort claims and Wilcox, they preceded the decretal portion of the judgment. Factual recitations or reasons preceding the decretal portion of a judgment form no part of, and are thus not essential to, the judgment itself. *See Nelson v. Britt,* 241 S.W.3d 672, 676 (Tex. App.—Dallas 2007, no pet.). Thus, in resolving Goodman's first issue, we do not consider the recitations and; instead, we focus on the decretal portion of the judgment. The decretal in this case reads as follows: "**IT IS ORDERED, ADJUDGED, AND DECREED** that Goodman Factors recover judgment against Defendant Torres Final Clean, lnc., for its contractual debt in the sum of $127,346.37 together with 5% interest from April 7 2014 until paid, compounded annually, together with reasonable statutory and contractual attorneys' [sic] fees of $8,000.00 as alleged, all costs of suit, together with post-judgment interest on said total combined sum from the date of judgment at the 10% per annum, compounded annually." This decretal is definite and clear and is in keeping with the trial court's findings of fact and conclusions of law, in particular its findings that Goodman suffered no extra-contractual damages, and its findings against Goodman on its claims against Wilcox. Accordingly, we overrule Goodman's first issue.

Before we consider Goodman's second issue, concerning election of remedies, and its third supplemental issue, concerning the liability of Wilcox, we address Goodman's remaining, related issues.

In its third issue, Goodman argues the trial court erred by failing to make findings of fact and conclusions of law. As we previously stated, after Goodman filed its brief in this case, this Court ordered the trial court to made findings of fact and conclusions of law concerning Goodman's fraud, conspiracy to commit fraud, and conversion claims, and the trial court complied. We afforded Goodman the opportunity to challenge any and all of the trial court's findings and conclusions. Consequently, this issue is moot and is overruled.

In its second supplemental issue, Goodman argues the trial court erred in finding that the amount of the check or checks it claims Torres converted were included in the damages found for breach of contract. We apply the same standard of review to a trial court's findings that we apply in reviewing a jury's findings. *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex. 1991). We will reverse the trial court's finding that appellant suffered no extra-contractual damages only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986).

To support its request for extra-contractual damages on its conversion claim, Goodman offered Keith Reid's statement that Wilcox attempted to pick up a check in the amount of $20,817.00 from account debtor Pogue Construction. This averment alone is not sufficient to support an award for conversion damages. Goodman had to also establish that Torres actually received the check, and that Goodman suffered an injury separate and apart from its breach-of-contract damages. *See Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). This it did not do. Instead, Goodman admitted in its pleadings that the $127,376.27 breach-of-contract damage figure includes the amount paid to purchase invoices which were not valid, *or for which the defendants were directly paid.*[2] The failure to answer

---

[2] Goodman pleaded, "Goodman has been damaged by the breach of contract by the defendants in the sum of $127,376.27, the amount paid to purchase invoices which are not valid or for which the defendants were paid directly."

constitutes an admission of these pleaded facts. Nothing more. Nothing less. Thus, by Goodman's own admission, the check it references is included in its breach-of-contract damages. Consequently, the trial court's finding of no compensatory damages for conversion is supported by the record, and is not against the great weight and preponderance of the evidence so as to be manifestly unjust. We overrule Goodman's second supplemental issue.

In its third supplemental issue, Goodman argues the trial court erred in finding that the request for punitive damages arising from fraud were not supported by clear and convincing evidence. In order to recover punitive damages, a plaintiff must recover actual tort damages. *See Houston Mercantile Exch. Corp. v. Dailey Petroleum Corp.,* 930 S.W.2d 242, 249 (Tex. App.—Houston [14th Dist.] 1996, no writ). "The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc.*, 445 S.W.3d at 718. The independent injury rule applies to claims for fraud. *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,* 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam).

While the trial court found Torres made a false material representation upon which Goodman relied to its detriment, it also found the damages for fraud are the same as the damages for breach of contract. This finding is supported by the record before this court as Goodman did not attempt to establish it suffered any damages due to fraud separate and apart from its breach-of-contract damages, and, in fact, admitted that the injury it suffered is one and the same.[3] In addition, while the trial court found Torres committed conversion, it also found the amount of the check or checks is included in the damages found for breach of contract and fraud. As noted

---

[3] Regarding its fraud claim, Goodman pleaded, "Goodman was damaged by the misrepresentation in the sum of $127,356.27 paid to Torres, Inc. for invoices which are not valid."

–6–

previously, this finding is supported by the record. Based upon these findings, the trial court entered a judgment awarding Goodman breach-of-contract damages only. When a plaintiff, like Goodman, does not recover actual tort damages, it cannot recover punitive damages. *See Houston Mercantile Exch. Corp.*, 930 S.W.2d at 249. Therefore, the trial court's finding that there was insufficient evidence to support an award of punitive damages is supported by the record and is not against the great weight and preponderance of the evidence so as to be manifestly unjust. We overrule Goodman's third supplemental issue.

In its second issue, Goodman argues the trial court erred in not allowing it to elect among alternative measures of damages. Regarding Goodman's fraud claim, as we have already noted, the trial court correctly found Goodman did not suffer any injury independent and separate from the economic losses recoverable under its breach-of-contract claim. Regarding Goodman's conversion claim, as we have also noted, the trial court correctly found the check or checks that are the subject of Goodman's conversion claim, were included in Goodman's breach-of-contract damages. Therefore, Goodman did not suffer an injury that is independent and separate from the economic losses recoverable under a breach-of-contract claim, for which compensable tort damages could be awarded. Consequently, there are no alternative measures of damages from which Goodman could elect. Moreover, because Goodman did not recover actual tort damages, it is not entitled to recover punitive damages. We overrule Goodman's second issue.

In its first supplemental issue, Goodman claims the trial court erred in finding that there was insufficient evidence that Wilcox was acting in her individual capacity in connection with any conversion of a check or checks issued by Pogue Construction. The general rule of corporate law is that officers of a corporation are insulated from personal liability arising from their activities performed in the scope of their duties for the corporation. *Portlock v. Perry,* 852 S.W.2d 578, 582 (Tex. App.—Dallas 1993, writ denied). We first note, that Goodman admitted

that Wilcox acted in her capacity as President of Torres when the alleged conversion occurred.[4]
While it is true that a corporate officer may be held individually liable for a corporation's tortious conduct if he or she knowingly participates in the conduct or has knowledge, either actual or constructive, of the tortious conduct, no judgment can be had against the individual absent proof of damages. *See United Mobile Neworks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997). Here, Goodman failed to establish that Torres or Wilcox received the property allegedly converted. Therefore, there is no pleading or proof to support a judgment against Wilcox for conversion and the trial court's finding concerning Wilcox is not against the great weight and preponderance of the evidence so as to be manifestly unjust. We overrule Goodman's first supplemental issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

141276F.P05

---

[4] In Keith Reid's affidavit he states, "Wilcox is the president of Torres and was so at the time of the actions specified in the paragraphs below. Wilcox, *on behalf of Torres*, visited an invoice debtor, Pogue Construction, to request and receive a Check in the sum of $20,817.00 in payment for accounts and invoices previously sold and assigned to Goodman. . . . As shown by the attached email, to which I was copied. I was aware Wilcox, *on behalf of Torres*, was communicating with Pogue Construction regarding disputed [sic] over the work. . . . I, on behalf of Goodman. Have personally met more than once with Wilcox, *on behalf of Torres*. . . . (emphasis added).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GOODMAN FACTORS, Appellant

No. 05-14-01276-CV      V.

TORRES FINAL CLEAN INC. AND
FONDA M. WILCOX, Appellee

On Appeal from the 298th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-03811.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Brown
participating.

    In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

    It is **ORDERED** that appellee TORRES FINAL CLEAN INC. AND FONDA M. WILCOX recover their costs of this appeal from appellant GOODMAN FACTORS.

Judgment entered this 30th day of November, 2015.