# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2018

Lyle W. Cayce
Clerk

ANTHONY GALENTINE,

Plaintiff - Appellant

v.

TIDEPORT DISTRIBUTING, INCORPORATED

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2597

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Anthony Galentine worked as a truck driver for Tideport Distributing. Galentine was paid a set amount—first $165 and later $185—for each delivery of jet fuel from Galena Park, Texas to Lackland Air Force Base near San Antonio. At some point during his employment, Galentine began to assert that he had been promised 25% of the amount Tideport received for each load.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20562

Tideport responded that it had not made such a promise and was paying Galentine the same set rate other drivers received. While still employed, Galentine sued for breach of contract and fraud based on Tideport's failure to pay him the 25%. He also alleged an overtime violation of the Fair Labor Standards Act (FLSA) and retaliation under that federal law. At some point while the lawsuit was pending, Galentine stopped driving for Tideport when it continued to refuse to pay him the 25%. He then added to his lawsuit a claim for racial discrimination and retaliation under Title VII.

The district court set the common law and FLSA retaliation claim for trial and stayed the Title VII claims (Galentine had dismissed the FLSA wage claim). At a pretrial conference, the district court dismissed the fraud claim under the economic loss rule which "generally precludes a recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). After Galentine finished presenting his case at trial, the district court granted judgment for the defense as matter of law on the contract claim because there was no evidence to support the allegation that the company had agreed to pay Galentine 25% of the load. Having reviewed the trial record, we agree that judgment as a matter of law was warranted on the contract claim. This also dooms the fraud claim which was premised on the same alleged, but not proven, promise. On top of that, the district court correctly ruled that the economic loss rule bars the fraud claim.

The district court also granted judgment as a matter of law on Galentine's FLSA retaliation suit on the ground that he had not shown he engaged in protected activity. Galentine argues on appeal that the protected activity need only involve a good faith belief on the employee's part that the

2

company is violating the FLSA (even if it actually is complying with the law), but he does not identify any evidence showing that he had such a belief. His complaints to the company were not about FLSA overtime, but about the 25% he says he was promised. But he never said he thought a federal statute guaranteed him that pay, and it would not have been reasonable to believe that.

After the trial, the district court granted summary judgment on Galentine's Title VII racial discrimination and retaliation claims. Galentine does not challenge the dismissal of the discrimination claim. As for the retaliation claim, we affirm its dismissal because Galentine has not shown protected activity about which the company was aware. He mentions a lawsuit he filed against a former employer, but there is no evidence showing that Tideport was aware that was a Title VII lawsuit. In response to the summary judgment allegation, Galentine for the first time averred that he had complained to a manager about pay disparities between black and white drivers. This new allegation, never included in the Title VII complaint filed with the EEOC, contradicts Galentine's trial testimony that Tideport was paying all drivers 25% of load. As there is no explanation for this change from his sworn trial testimony, the affidavit cannot be used to defeat summary judgment. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.