**Reversed and Remanded in Part, Vacated and Dismissed in Part, and Majority and Concurring Opinions filed September 17, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00184-CV

### GEORGE E. HILBURN, Appellant

### V.

### STORAGE TRUST PROPERTIES, LP, Appellee

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-36631**

## C O N C U R R I N G   O P I N I O N

The summary-judgment evidence does not prove as a matter of law that appellee/defendant Storage Trust Properties, L.P. is entitled to judgment on any of the traditional grounds in its summary-judgment motion. No justiciable controversy exists between the parties as to appellant/plaintiff George E. Hilburn's request for declaratory relief. Therefore, I join this court's judgment, but I respectfully decline to join the majority opinion.

Storage Trust obtained a traditional summary judgment based on a ground under paragraph 10 of each of the lease agreements, which provides in pertinent part:

> RIGHT TO ENTER, INSPECT AND REPAIR PREMISES. Occupant shall grant Owner, Owner's Agents or the representatives of any governmental authority, including police and fire officials, access to the Premises upon three (3) days prior written notice to Occupant. In the event Occupant shall not grant access to the Premises as required, or **in the event of an emergency** or upon default of any of Occupant's obligations under this Lease/Rental Agreement, **Owner, Owner's Agents** or the representative of any governmental authority **shall have the right**, but not the obligation, to remove Occupant's locks and **enter the Premises** for the purpose of examining the Premises or the contents thereof or for the purpose of making repairs or alterations to the Premises and **taking such other action as may be necessary or appropriate to preserve the Premises or to comply with applicable law** including any applicable local, state or federal law or regulation governing hazardous or toxic substance, [sic] material, or waste, or to enforce any of Owner's rights.[1]

According to Storage Trust, the flooding event constituted an emergency under the lease agreements, which allowed Storage Trust to enter the storage units and dispose of Hilburn's "hazardous property due to mold." Presuming for the sake of argument that the flooding event constituted an emergency under paragraph 10 of the lease agreements, the summary-judgment evidence does not prove as a matter of law that disposing of Hilburn's property was necessary or appropriate to preserve the Premises or to comply with applicable law. Thus, the trial court erred in granting summary judgment on the ground based on paragraph 10.

Storage Trust's grounds based on the alleged damages cap and Hilburn's alleged inability to recover attorney's fees would not support summary judgment as to any claim, even if these grounds had merit.

---

[1] Emphasis added.

2

As to the economic-loss-rule ground Hilburn has not identified any provision of the lease agreements that Storage Trust allegedly breached. Storage Trust's alleged duty not to convert Hilburn's property is independent of Storage Trust's obligations under the lease agreements.[2] Presuming, without deciding, that Hilburn's "claims" for waiver, estoppel, promissory estoppel, and violations of the Texas Deceptive Trade Practices Act are independent "claims" and that they have merit, Storage Trust's alleged duty under each of these "claims" is independent of Storage Trust's obligations under the lease agreements.[3] Therefore, the trial court erred in granting summary judgment based on the economic-loss-rule ground.

The record reflects that no justiciable controversy exists between the parties as to Hilburn's request for declaratory relief. So, the trial court lacked jurisdiction over this request. Because of this lack of jurisdiction, I concur in this court's judgment vacating the part of the trial court's judgment dealing with the request for declaratory relief and dismissing this appeal to the extent the appeal deals with this request. For the reasons stated above, I concur in the court's judgment reversing and remanding the remainder of the case.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant. (Bourliot, majority).

---

[2] *See Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718–19 (Tex. 2014).

[3] *See id.*