# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-21-00281-CV

**Meritage Homes of Texas, LLC, Appellant**

**v.**

**Sophie Pouye and Cheikh Toure, Appellees**

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-001174, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We grant appellant's motion for rehearing; withdraw the opinion and judgment issued on February 15, 2023; and substitute the following opinion and judgment in their place.

Meritage Homes of Texas, LLC (Meritage) brings this interlocutory appeal from the trial court's order denying its motion to compel arbitration. *See* Tex. Civ. Prac. & Rem. Code § 51.016 (generally authorizing interlocutory appeal from denial of motion to compel as would be permitted under Federal Arbitration Act (FAA)); *see also* 9 U.S.C. § 16 (authorizing appeal from order denying motion to compel arbitration). In one issue, Meritage challenges the trial court's order based on the theory of direct benefits estoppel. *See Lennar Homes of Tex. Land & Constr., Ltd. v. Whiteley*, No. 21-0783, 2023 Tex. LEXIS 407, *13–15 (Tex. May 12, 2023) (describing direct benefits estoppel and its applicability to bind nonsignatories to contractual agreement to arbitrate); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739–40

1

(Tex. 2005) (orig. proceeding) (same). Following the Texas Supreme Court's directive in *Lennar Homes*, we reverse the trial court's order and remand the case to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

Meritage built and sold a home (the Home) to third parties who then sold the Home to Sophie Pouye and Cheikh Toure (the Homeowners). After moving into the Home, the Homeowners sued Meritage, alleging "certain design and construction defects," including "an inadequately and improperly installed exterior stucco system." They alleged:

> The stucco system's deficiencies are alarming because they inhibit the ability of the stucco system to resist cracking from internal and external stresses, and to drain infiltrated water to the exterior. The pervasiveness of the stucco system's deficiencies indicate[s] [Meritage] failed to design and construct the Home using ordinary care in a reasonable and non-negligent manner in accordance with applicable building codes and industry standards, and failed to use ordinary care in the supervision of its employees, and in selecting an independent contractor. Plaintiffs suffered damages as a result.

The Homeowners' original petition also alleged that Meritage failed to construct the Home in accordance with "all plans [and] specifications,"[1] but their second amended petition, which was

---

[1] In the section of their original petition addressing their negligence claim, the Homeowners alleged:

> Defendant had a nondelegable duty to design, supervise, improve, construct, market, sell and/or repair the Home in a reasonable and non-negligent manner, including but not limited to designing, supervising, improving, constructing, marketing, selling and/or repairing the Home *in accordance with all plans, specifications*, design professional recommendations, manufacturer's installation instructions, building codes, industry standards and government agency requirements.

(Emphasis added.)

their live pleading when the trial court ruled on Meritage's motion to compel arbitration, does not contain this allegation.

In their second amended petition, the Homeowners pleaded causes of action for negligence, gross negligence, and violations of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA). In their DTPA claims, the Homeowners allege that Meritage breached the implied warranties that it "constructed the Home in a good and workmanlike manner and was free from defects not inherent in this type of work" and that "[it] constructed the Home such that it would be habitable." *See* Tex. Bus. & Com. Code § 17.50(a)(2) (authorizing action under DTPA for breach of implied warranties). The Homeowners seek damages for the actual costs to repair or remediate the home's construction defects, temporary housing during repair, and decreased fair market value. They also seek exemplary damages, *see* Tex. Civ. Prac. & Rem. Code § 41.003(a)(3) (providing standards for recovery of exemplary damages based on gross negligence); mental anguish damages; and additional damages not more than three times their mental anguish and economic damages, *see* Tex. Bus. & Com. Code § 17.50(b) (providing standards for recovering mental anguish and treble damages).

Meritage answered, filed a plea in abatement and a motion to compel arbitration based on its purchase agreement (the Contract) with the original homeowners, and attached a copy of the Contract to its motion. The Contract contains an arbitration provision and a limited warranty. Meritage and the original homeowners agreed to arbitrate under the FAA "any controversy or claim or matters in question between the parties, including, but not limited to, any matter arising out of or relating to . . . the design or construction of the Property"; "violations of the [DTPA]"; "claims for defective design or construction of the Property"; any alleged "breach of warranties, express or implied"; and "any other cause of action relating to or arising out of the

3

construction and/or sale of the Property by Seller to Buyer." *See* 9 U.S.C. §§ 2 (addressing validity, irrevocability, and enforcement of agreements to arbitrate), 4 (authorizing petitions to compel arbitration).

The Contract's limited warranty provided:

> a.) Seller provides Buyer a HOMEBUILDER'S LIMITED WARRANTY (the "Warranty Agreement"), which commences on the date the title for the home is transferred to the first homeowner and expires ten (10) years from the date the title is transferred to the first homeowner. By initialing below Buyer acknowledges receipt of a sample of the Warranty Agreement. . . .
>
> * * *
>
> d.) THE WARRANTY AGREEMENT CONSTITUTES THE SOLE WARRANTY PROVIDED BY SELLER AND ALL OTHER EXPRESS OR IMPLIED WARRANTIES, INCLUDING WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, GOOD AND WORKMANLIKE CONSTRUCTION, AND HABITABILITY (EXCEPT FOR LATENT, UNDISCLOSED CONDITIONS), ARE HEREBY DISCLAIMED AND EXCLUDED FROM THIS AGREEMENT.

Following a hearing, the trial court denied Meritage's plea in abatement and motion to compel arbitration. This interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code § 51.016.

## ANALYSIS

*Standard of Review and Applicable Law*

We review a trial court's denial of a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009) (orig. proceeding)). "We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo." *Id.*

4

"Under the FAA, 'a party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the scope of the agreement.'" *Lennar Homes*, 2023 Tex. LEXIS 407, at \*12 (quoting *Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d 583, 585–86 (Tex. 2022) (footnote omitted)). In this case, Meritage established that the Contract contained an agreement to arbitrate the types of claims that the Homeowners asserted against Meritage, but the Homeowners were not parties and did not sign the Contract. Generally, it is the courts, rather than the arbitrators, that decide the "gateway matter" of "[w]hether an arbitration agreement is binding on a nonparty." *Id.* at \*12–13 (quoting *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding)); *see also Venture Cotton Co-op. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014) (noting that FAA requires court to make "threshold determination of arbitrability—that the dispute is subject to an enforceable agreement to arbitrate—before enforcing the arbitration agreement by compelling arbitration or staying litigation" (citing 9 U.S.C. §§ 3, 4)). We review this gateway matter de novo. *See Lennar Homes*, 2023 Tex. LEXIS 407, at \*13 (citing *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003)).

*Direct Benefits Estoppel*

In its issue, Meritage argues that the homeowners are bound to arbitrate their claims under the theory of direct benefits estoppel, a type of equitable estoppel that "may bind non-signatories to arbitration agreements."[2] *Id.* (citing *In re Kellogg Brown & Root*, 166 S.W.3d

---

[2] In addition to equitable estoppel, the Texas Supreme Court has recognized five other theories that may bind a nonsignatory to an agreement to arbitrate: (i) incorporation by reference, (ii) assumption, (iii) agency, (iv) third party beneficiary, and (v) alter ego. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (orig. proceeding)). Although

5

at 739). Direct benefits estoppel applies when a nonsignatory seeks the benefits of a contract, estopping the nonsignatory "from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes." *In re Kellogg Brown & Root*, 166 S.W.3d at 739. "[W]hether a claim seeks a direct benefit from a contract containing an arbitration clause turns on the substance of the claim, not artful pleading." *In re Weekley Homes*, 180 S.W.3d at 131–32.

Under the theory of direct benefits estoppel, nonparties must arbitrate claims that in substance "depend on the existence of the contract" containing an arbitration clause and are "unable to stand independently without the contract," *see Lennar Homes*, 2023 Tex. LEXIS 407, at *14 (quoting *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 527–28 (Tex. 2015)), "but not if liability arises from general obligations imposed by law," *id.* (quoting *In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 761 (Tex. 2006) (per curiam) (orig. proceeding)). "When 'the alleged liability arises from the contract or must be determined by reference to it . . . [,] equity prevents [the non-signatory plaintiff] from avoiding [an] arbitration clause that was part of that [contract].'" *Id.* at *14–15 (quoting *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 637 (Tex. 2018)). Further, where the arbitration clause is broad enough to cover both tort and contract claims, the plaintiff must pursue both types of claims in arbitration if the plaintiff pursues a contractual claim. *Id.* at *15 (citing *In re Weekley Homes*, 180 S.W.3d at 132).

The Texas Supreme Court recently addressed the application of direct benefits estoppel to compel a subsequent purchaser of a home to arbitrate her claims against the home's builder. In that case, the subsequent purchaser sued the builder asserting claims of negligent

---

Meritage relied on the theory of assumption before the trial court, it has not raised this theory on appeal, and we do not address it. *See* Tex. R. App. P. 47.1.

construction and breach of the implied warranties of habitability and good workmanship. *See id.* at \*6. The court held that direct benefits estoppel applied to bind the subsequent purchaser as to all of her claims to the arbitration clause in the contract between the builder and the original homeowner. *See id.* at \*1. In its analysis, the court determined that the subsequent purchaser's implied warranty claims required reference to the contract. *Id.* at \*17. The court explained that because any claim based on the implied warranty of good workmanship "must survive supplantation by an express warranty in the original purchase contract, [the builder's] liability for breach is not 'independent of [its] contractual undertaking.'" *Id.* (quoting *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014)). As to the subsequent purchaser's claim based on the implied warranty of habitability, the court determined that the claim "still 'must be determined by reference'" to the contract, observing that the contract included a general disclaimer of the warranty of habitability. *Id.* at \*19–20. And, as to the subsequent purchaser's negligent construction claim, the court did not separately address that claim, "[g]iven the substantial overlap between the substance of a negligent construction claim and a claim for breach of an implied warranty of good workmanship." *Id.* at \*17 n.11.

In rejecting the subsequent purchaser's "suggestion" that any implied warranties were not part of the contract because they "derive from the common law," the court observed that "a warranty which the law implies from the existence of a written contract is as much a part of the writing as the express terms of the contract," *id.* at \*16 (quoting *Certain-Teed Prods. Corp. v. Bell*, 422 S.W.2d 719, 721 (Tex. 1968)), and that "[a]lthough such warranties are 'imposed by operation of law, the obligation still arises from the contract and becomes part of the contract. Absent a contract, the warranty would not arise,'" *id.* (quoting *Nghiem v. Sajib*, 567 S.W.3d 718, 725 (Tex. 2019)).

Similar to the subsequent purchaser in *Lennar Homes*, the Homeowners here assert that Meritage breached the implied warranties of good workmanship and habitability, claims that "must be determined by reference" to the limited warranty provision in the Contract. *Id.* at *14. Further, the Contract's arbitration clause "is broad enough to cover both tort and contract claims." *Id.* at *15 (citing *In re Weekley Homes*, 180 S.W.3d at 132). It expressly covers "any controversy or claim or matters in question between the parties, including, but not limited to, any matter arising out of or relating to . . . the design or construction of the Property"; "violations of the [DTPA]"; "claims for defective design or construction of the Property"; any alleged "breach of warranties, express or implied"; and "any other cause of action relating to or arising out of the construction and/or sale of the Property by Seller to Buyer." Thus, following the Texas Supreme Court's directive in *Lennar Homes*, we conclude that direct benefits estoppel binds the Homeowners as to all of their claims to the Contract's arbitration provision. *See id.* at *17 n.11; *see also In re Weekley Homes*, 180 S.W.3d at 132 ("If [a plaintiff] pursue[s] a claim 'on the contract,' then [the plaintiff] must pursue all claims—tort and contract—in arbitration."). It follows that the trial court abused its discretion when it denied Meritage's motion to compel arbitration. *See Lennar Homes*, 2023 Tex. LEXIS 407, at *13; *see also Henry*, 551 S.W.3d at 115 (reviewing de novo trial court's legal determinations as to motion to compel arbitration).

## CONCLUSION

For these reasons, we sustain Meritage's issue, reverse the trial court's order denying Meritage's motion to compel arbitration, and remand to the trial court for further proceedings consistent with this opinion.

_____

Rosa Lopez Theofanis, Justice

Before Justices Baker, Smith, and Theofanis

Reversed and Remanded on Motion for Rehearing

Filed:   June 23, 2023